Gary E. Thompson Pleasanton City Attorney P.O. Box 184 Mound City, Kansas 66056
Dear Mr. Thompson:
As City Attorney for Pleasanton, Kansas, you ask about the continuing validity of Attorney General Opinion 2003-32, in particular whether plea agreements and charging amendments remain permissible under K.S.A. 2010 Supp. 8-2,150 regarding commercial driver's licenses.
In 2003, that statute prohibited a "driver" of a commercial vehicle from entering into a diversion agreement for a violation, in any type of motor vehicle, of a traffic control law.[1]
"Driver" was defined for purposes of the Kansas Uniform Commercial Drivers' License Act as:
 Any person who drives, operates or is in physical control of a commercial motor vehicle, in any place open to the general public for purposes of vehicular traffic, or who is required to hold a commercial driver's license.[2]
Due to this definition, the diversion prohibition did not include a person who merely held a commercial driver's license but did not otherwise fall within the definition of "driver." The effect was to exclude from the diversion prohibition a person who held, although not required to do so, a commercial driver's license and was not driving, operating or in physical control of a commercial motor vehicle at the time of the offense. This situation could arise if a person formerly engaged as a commercial driver was no longer so engaged but had maintained his commercial driver's license, and violated a traffic control law in a non-commercial vehicle. Thus, Attorney General Opinion No. 2003-32
concluded:
 The term "driver," as used in the Kansas Uniform Commercial Drivers' License Act, means any person who drives, operates or is in physical control of a commercial motor vehicle, in any place open to the general public for purposes of vehicular traffic, or who is required to hold a commercial driver's license; the term does not include a person who merely holds a commercial driver's license but does not otherwise fall within that definition.
The effect of this anomaly was to place Kansas law out of compliance with requirements found in the federal Motor Carrier Safety Improvement Act of 1999, [3] thus placing Kansas in jeopardy of losing federal funds.
In 2010, the Kansas Legislature rectified this disparity between Kansas and federal law by amending K.S.A. 2003 Supp. 8-2,150 to include a "holder" as well as a "driver" in the diversion prohibition.[4] For purposes of this prohibition, a person is considered a holder of a commercial driver's license if the person was a holder of a commercial driver's license at the time the person was arrested or was issued a citation and remains a holder of a commercial driver's license even if the person surrenders the commercial driver's license after the arrest or citation.[5]
As in 2003, a person who drives a commercial vehicle, and now a person who holds a commercial driver's license, may not enter into a diversion agreement that would prevent such person's conviction for any violation, in any type of motor vehicle, of any traffic control law, except a parking violation, from appearing on the person's record.[6]
However, in 2003 and now, K.S.A. 2010 Supp. 8-2,150(a) is written only in terms of a prohibition against a driver or holder entering a diversion agreement. Thus, then as now, plea negotiations or charging amendments that result in convictions for lesser or fewer traffic infractions of offenses originally charged are not precluded.[7] This conclusion is reinforced by the difference between the general DUI statute, [8] which prohibits plea bargaining in order to avoid mandatory DUI penalties, and the commercial motor vehicles DUI statute, [9] which does not contain such a prohibition.
Sincerely,

DEREK SCHMIDT
KANSAS ATTORNEY GENERAL
Camille Nohe
Assistant Attorney General

CN:ke
[1] K.S.A. 2003 Supp. 8-2,150.
[2] K.S.A. 8-2,128(k), as amended by L. 2003, Ch. 42, § 3(k) (emphasis added).
[3] 49 U.S.C. 31311
[4] L. 2010, Ch. 146, § 7.
[5] K.S.A. 2010 Supp. 8-2,150(b).
[6] K.S.A. 2010 Supp. 8-2,150(a).
[7] As stated in Attorney General Opinion No. 2003-32, "While such plea negotiations could be considered a form of `masking [a conviction],'49 C.F.R. § 384.226 does not clearly require States to prohibit plea negotiations and Kansas' L. 2003, ch. 42, § 2 [now K.S.A. 2010 Supp.8-2,150] clearly does not prohibit plea negotiations."
[8] K.S.A. 2010 Supp. 8-1567(s).
[9] K.S.A. 2020 Supp. 8-2,144.